# CHARLESTON.

## DISTILLING CO. *v.* BAUER.

### Submitted June 16, 1904—Decided November 22, 1904.

1. VERDICT.—*New Trial.*

   A verdict of recovery by a plaintiff bearing the burden of proof, when the evidence is plainly insufficient to warrant it, should be set aside. (p. 251).

Error to Circuit Court, Randolph County.

Action by the James Clark Distilling Company against B. F. Bauer and another. Verdict for plaintiff. From an order granting a new trial, it brings error.

*Affirmed.*

TALBOT & HOOVER, A. JAY VALENTINE and J. P. SCOTT, for plaintiff in error.

C. H. SCOTT, for defendants in error.

BRANNON, JUDGE:

Action by James Clark Distilling Company against Bauer and Boyd, partners in trade as B. F. Bauer, begun before a justice and appealed to the circuit court of Randolph. Service was had on Boyd, but not on Bauer. The case resulted in a verdict for the plaintiff, and from the action of the court in setting this verdict aside, the Distilling Company has obtained a writ of error.

The only question in the case is whether the evidence shows

that Boyd was a partner with Bauer. The business was a saloon. The account is for liquors sold for saloon use. The only evidence to charge Boyd is that of the traveling salesman who sold the liquors. When asked what connection Boyd had with Bauer he answered, "partners"; and when asked to say how he knew Boyd was a partner he answered, "Mr. Boyd's own words; he stated that he did not want the goods shipped to B. F. Bauer & Co., fearing that it would interfere with his merchandise business." "Q. Then, as I understand you, R. C. Boyd represented himself to be a member of the firm of B. F. Bauer and it was at his suggestion that the goods were shipped in the name of Mr. Bauer, please state if I am correct in this." A. "Yes, sir." He does not say how Boyd represented himself to be a partner—what he said, and we may say that under the inspiration of the suggestive question by the attorney, he gave a mere conclusion of his own. This is short and unsatisfactory evidence to charge Boyd, who was dead at the trial and could not make a defense. Bauer sold out and left and is not produced as a witness. The business was in the name of Bauer alone. The license in his name. The plaintiff sold six bills at different times, all in Bauer's name alone. Not a paper is in a partnership name or has partnership earmark. The salesman makes, on cross examination, a statement strongly against plaintiff.

He was asked if, when at Bauer's place when he sold the first bill, the time when Boyd made the statement to which the salesman refers, he did not refuse to send the goods without Bauer got Boyd's "recommendation." He answered, "Yes." This shows that Boyd only recommended. When that first bill was ordered, before it was sent, a telegram warned the Distilling Co. to ship only a part, not all that had been ordered. It is charged, on the statement of a letter of Bauer's to the plaintiff, but not proven, that Boyd sent that telegram, and thence it is urged that this shows Boyd a partner, else why would he send the telegram? If he had only gone security verbally, or even recommended, he might do so in justice to the plaintiff and himself. The telegram is signed B. F. Bauer. It is not claimed that Boyd represented himself as a partner except on the occasion when the saloon began and the first bill was ordered. That first bill was paid. It is a subsequent bill of liquors that is sued for. In that letter we find Bauer opening thus: "Mr. Boyd, who went my security for

stock, is the cause of the countermand of order," and added that Boyd became alarmed, and Bauer assured the company that everything was right, and he would do all in his power "to make a success of the business in order that it may be a benefit to us both."

He asked the plaintiff to send on goods, assuring them he would pay, and added "I will control the orders in future." This letter indicates a sole business, not a partnership. He tells the plaintiff that Boyd had gone his *security* for the first bill. That word "security" alone is a declaration of Bauer that Boyd was only a security, and a warning to the plaintiff that he was not a partner. And if he had been, why did the plaintiff after that letter sell Bauer the goods now sued for? There is a receipt from Boyd to Bauer, just before the last bill, while the alleged partnership was going on, for payment for ice. If it was a firm, it is not likely the receipt would be given. It was likely for ice in the saloon. It is a circumstance against the partnership.

We agree with the circuit judge that the evidence falls short of sustaining the verdict. Where evidence plainly, clearly, decidedly is not sufficient the verdict should be set aside. *Limers v. Traders Co.*, 44 W. Va. 175.

Order affirmed.

*Affirmed.*