# CHARLESTON.

GRIFFITH v. AMERICAN COAL COMPANY.

Submitted March 7, 1916. Decided March 28, 1916.

1. TRIAL—*Instructions—Correction.*
    If an instruction asked for does not correctly propound the law, the court may correct and give it in the modified form. (p. 38).

2. SAME—*Interrogatories—Right to Answer—Waiver.*
    Where an interrogatory has been submitted to the jury, and the jury fail to answer it, or report to the court that they disagree as to the answer, and at the same time return a general verdict, and the verdict is received by the court and the jury are discharged, and the party who submitted it does not object before the jury are discharged, to the discharge of the jury without answering the interrogatory, he will be deemed to have waived his right to have the answer. (p. 39).

3. SAME—*Separate Verdicts—Special Findings—Purpose of Statute.*
    Section 5, chapter 131, of the Code, authorizes the court upon the trial of issues, to submit to the jury questions, and to require the

jury to render separate verdicts upon the issues, or find in writing upon particular questions of fact. "Where any such separate verdict or special finding shall be inconsistent with the general verdict, the former shall control the latter." The purpose of the statute is to ascertain and separate one or more controlling facts, to the end that the existence or non-existence of some facts upon which the issue turns may be deliberately examined, patiently considered, and expressly found, so that a proper judgment may be rendered, according to the truth and the very right of the case.  (p. 41).

4. SAME—*Submission of Interrogatories*—"*Material Question.*"
    It is proper not to permit an immaterial question to be propounded, and it is immaterial, unless an answer thereto, if contrary to the general verdict, would control the same, and be conclusive of the verdict.  (p. 41).

5. SAME—*Special Findings—General Verdict*—"*Inconsistency.*"
    The special findings, taken as a whole, must be clearly inconsistent with the general verdict, and, to be inconsistent, they must clearly exclude every conclusion that would authorize a verdict for the plaintiff.  (p. 41).

6. MASTER AND SERVANT—*Injury to Minor Employe—Actionable Negligence—Violation of Statute.*
    A violation of the statute inhibiting the employment of boys under fourteen years of age in coal mines constitutes actionable negligence whenever that violation is the natural and proximate cause of an injury.  (p. 42).

7. SAME—*Injury to Servant—Employment of Minors—Violations of Statute*—"*Proximate Cause.*"
    The violation of the statute is rightly considered the proximate cause of an injury which is a natural, probable, and anticipated consequence of the non-observance.  (p. 42).

8. SAME—*Injury to Servant—Employment of Minor—Liability of Master.*
    The employer is not, as a matter of law, chargeable with all injuries that result during the unlawful employment. He is only liable for those injuries against which the statute is intended to guard.  (p. 42).

9. SAME—*Assumption of Risk—Unlawful Employment.*
    If the employment is unlawful, the servant cannot be held to have assumed the risks incident thereto, including the risk of injury by fellow servants.  (p. 42).

10. SAME—*Injury to Servant—Unlawful Employment—Contributory Negligence.*
    Contributory negligence on the part of a boy injured in the un-

lawful employment may avail the employer as a defense, unless it be the same that must reasonably be anticipated as a probable consequence of the non-observance of the law. (p. 42).

11.  SAME—*Injury in Unlawful Employment—Contributory Negligence —Proof.*

To sustain the defense of contributory negligence in such cases, it must be shown not only that the infant employee had capacity to understand and appreciate his instructions and warnings against the dangers incident to his unlawful employment, but that he in fact did understand them, and that his supposed negligent act was not such as the statute was intended to provide against, but also that he was possessed of such unusual wisdom and sagacity as to take him out of the class of youths under fourteen years which the statute was intended to protect. (p. 42).

12.  APPEAL AND ERROR—*Decision—New Trial—Verdict—Evidence.*

An appellate court will not grant a new trial on the sole ground that the verdict is contrary to the evidence, unless the verdict is manifestly wrong, or is plainly not warranted by the facts. (p. 43).

Error to Circuit Court, Mercer County.

Action by Perry Griffith, an infant, etc., against the American Coal Company of Allegheny County. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Sanders, Crockett & Kee* and *A. W. Reynolds,* for plaintiff in error.

*Stokes & Sale* and *Lawson & Worrell,* for defendant in error.

MASON, JUDGE:

This case was in this court once before on a writ of error. The judgment of the court below awarding a new trial was affirmed and the case was remanded to the circuit court for that purpose. Another trial was had. The case is here again upon writ of error. The pleadings in the case were settled in the former adjudication. The report of the former case will appear in Volume 75 of the reports of this court. On the second hearing there was a trial by a jury, and verdict for the plaintiff for $4,000.00. A motion to set aside the verdict was refused, and judgment was entered on the verdict.

The declaration contains four counts. The first count is predicated entirely upon the theory that the plaintiff at the time of the injury was under fourteen years of age, and that his employment by the defendant was in violation of law and negligent. The second count charges that the plaintiff was an inexperienced youth, and that he was employed and put to work in a dangerous place, without having been given proper instructions and warning by the defendant company. The third count is predicated upon the theory that the plaintiff was an inexperienced youth and that he was put to work in a dangerous place, from which he was thereafter changed to another place of employment that was more hazardous, and that he was not instructed as to the exact hazard attending the employment at his new post. The fourth count avers that the plaintiff was an immature youth, inexperienced in the work of a trapper, that he was employed to trap in the mine of the defendant company, and that the defendant failed to use reasonable care and diligence in furnishing plaintiff with safe appliances with which to work.

The appellant complains of plaintiff's instructions Nos. 3 and 5. It is only necessary to remark that No. 3 was given on the former trial, and passed upon and approved in the former decision of this court. We see no reason for changing our opinion in this regard. No. 5 was refused by the court, and of course is not subject to comment at the instance of the appellant. This fact seems to have been overlooked by counsel on both sides in the preparation of the briefs.

The defendant asked the court to give to the jury ten instructions, to which the plaintiff objected. The court gave Nos. 1, 8, 9, and 10, and refused the others. No. 7 was given in a modified form.

Defendant does not press exceptions here for refusal to give No. 3, but insists that the court erred in refusing Nos. 2, 4, 5, and 6, and also in refusing to give No. 7 as asked for, and in modifying it. No. 2 is a binding instruction and tells the jury that if they believe that the plaintiff was fourteen years old at the time of the injury, they should find for the defendant. This is erroneous. It would limit the plaintiff's right to recover to the first count. Nos. 4, 5, and 6 are binding

instructions, and erroneous because they tell the jury that there can be no recovery on the 2nd, 3rd, and 4th counts of the declaration. For this reason they were properly refused.

Instruction No. 7 as asked for by the defendant is: "The court instructs the jury that if the plaintiff relies upon the fact that he was under fourteen years old at the time of the accident for a recovery that then the burden of proof is upon him to establish this fact by a preponderance of the evidence, and that unless the evidence preponderates in favor of his being under fourteen that then he has failed to carry the burden and the jury shall find for the defendant." As given by the court it is as follows: "The court instructs the jury that if the plaintiff relies upon the fact that he was under fourteen years old at the time of the accident for a recovey that then the burden of proof is upon him to establish this fact by a preponderance of the evidence."

We are of opinion that this instruction as modified by the court gave the defendant all that it was entitled to on this subject. The instruction as asked for by the defendant would have given the defendant more than it was entitled to. It was proper for the court to tell the jury, as was substantially done by the court's instruction, that to entitle the plaintiff to recover under the first count the burden was on him to prove that he was under fourteen years old at the time of the accident; but the defendant's instruction went farther and told the jury that if the plaintiff relied on this fact and failed to prove it, they must find for the defendant. This would be requiring the jury wholly to ignore proof offered to maintain the allegations of other counts. The plaintiff had the right to rely on all the counts. This court has frequently held that such instructions are erroneous. "An instruction which singles out certain facts and makes the case turn on them ignoring other material facts in the case is erroneous." *Robinson* v. *Lowe,* 50 W. Va. 75. "It is the object and office of instructions to define for the jury, and to direct their attention to, the legal principles which apply to, and govern, the facts proved or presumed in the case. The instructions should simply develop the rules of law governing the particular facts,—all the facts,—not a part only, which the evidence

tends to establish; and they are to be interpreted and judged of, not in any abstract way, but with reference to those facts." *State* v. *Dodds,* 54 W. Va. 289.

The defendant asked the court to submit to the jury the following interrogatories:

No. 1. "Was the plaintiff, Perry Griffith, under or over fourteen years of age at the time of his injury about which he complains?"

No. 2. "If the plaintiff was not fourteen years of age at the time of his injury about which he complains, was he of sufficient age, intelligence and experience to appreciate the dangers incident to his work and employment and to know how to avoid such dangers?"

No. 3. "And if the plaintiff was not fourteen years of age at the time of his injury about which he complains, and if he did possess sufficient intelligence and experience to appreciate the dangers incident to his work and employment and knew how to avoid such dangers, did the plaintiff at the time know the dangers incident to his employment, and did he know how to avoid such dangers?"

No. 4. "And if the plaintiff was not fourteen years of age at the time of his injury about which he complains, and if he was of sufficient age, intelligence and experience to appreciate the dangers incident to his work and employment and knew how to avoid such dangers, and if he knew the dangers incident to his employment, and did know how to avoid such dangers, was the plaintiff at the time of the alleged injury several feet away from the place of his employment, and where he was required to be, lying down, and if so was his absence from his place of duty a contributing cause to his injury?"

No. 5. "And if the plaintiff was not fourteen years of age at the time of the alleged injury of which he complains, and if he was of sufficient age, intelligence and experience to appreciate the dangers incident to his work and employment, and knew how to avoid such dangers, and if he did know the dangers incident to his employment, and did know how to avoid such dangers, and if he was several feet away from the place where he was employed and required to be, lying down, and if his absence from his place of duty contributed to his

injury, was the act of the plaintiff in being absent from his place of duty such an act as must have reasonably been anticipated by the defendant as a probable consequence of the plaintiff's employment?''

''Question 1. Was the plaintiff, Perry Griffith, fourteen years of age at the time of the accident of which he complains?''

''Question 2. If the answer to the preceeding question be yes, was the defendant guilty of negligence that was the proximate cause of the injury?''

''Question 3. If the answer to the next preceeding question be yes, in what did the negligence consist?''

''Question 4. If the answer to the first and second questions be no, was the accident and injury to the plaintiff the consequence that would be expected by reasonable men to result from the employment of a boy of his age and mental capacity to do the work at which he was engaged?''

The first interrogatory was submitted to the jury, but was not answered, the jury saying in reply to it, ''We, the jury, are unable to agree;'' but at the same time they returned a general verdict for the plaintiff for $4,000.00. The jury was then discharged, without objection by either party. The court refused to submit the other interrogatories and questions, and the defendant excepted.

The defendant insists that the court erred in discharging the jury without requiring an answer to the interrogatory submitted to them. The court could have insisted upon an answer, and could have refused to receive the verdict without such answer. In such case the failure of the jury to agree upon an answer to the interrogatory would make it necessary to discharge the jury without a verdict; and direct a new trial. The failure of the court to require an interrogatory to be answered has the same effect as refusing to submit it. *City of Wyandotte* v. *Gibson,* 25 Kans. 236. But while the jury is bound to answer the interrogatories submitted to them, and it would be error for the court to enter judgment on the verdict without the answer if such answer be insisted upon, yet if, as in this case, the interrogatory is not answered and there is a general verdict which is received by the court, and the

jury is discharged, and the party submitting the interrogatory allows this to be done without demanding an answer to the interrogatory, he will be deemed to have waived the right to an answer. The general verdict having been received by the court, and the jury discharged, and the defendant not having at that time asked to have the interrogatory answered, it waived its right to have an answer, and it was too late to complain afterwards. *Carrico* v. *Railway Co.*, 39 W. Va. 86. Thompson on Trials, sec. 2685.

Did the court err in refusing to submit the other interrogatories and questions? Section 5, chapter 131 of the Code, provides that "upon the trial of any issue or issues by a jury, whether under this section or not, the court may on motion of any party, direct the jury, in addition to rendering a verdict, to render separate verdicts upon any one or more of the issues, or to find in writing upon particular questions of fact to be stated in writing. * * * Where any such separate verdict or special finding shall be inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." "The purpose of the statute is to ascertain and separate one or more controlling facts, to the end that the existence or non-existence of some fact upon which the issue turns may be deliberately examined, patiently considered, and expressly found, so that a proper judgment may be rendered, according to the truth and the very right of the case. But all methods of procedure that experience has shown have the contrary tendency—such as immaterial questions which lead to no result, obscure or ambiguous questions which only add another element of doubt, a profusion of questions, which only create distraction, and increase perplexity rather than remove them—all such should be ruled out with an unsparing hand. Experience shows that the tendency is toward a multitude of questions, many of them not decisive of the issue, and those which are decisive put in all possible shapes, and repeated with all conceivable variations. Such methods of procedure increase the evil, rather than advance the remedy, and the trial court should exclude them, and prune them, and reduce them in number, unsparingly, in which the wide discretion given them by the

statute should be steadily upheld. But such discretion is subject to review as in other cases. It is proper not to admit an immaterial questions to be propounded, and it is immaterial, unless an answer thereto, if contrary to the general verdict, would control the same, and be conclusive of the verdict." *Transportation & Mfg. Co.* v. *Ins. Co.*, 35 W. Va. 666-7. Under the statute questions to be submitted to the jury must be of such character that the answer thereto if inconsistent with or contradictory to the general verdict, would control the general verdict.

Interrogatory No. 2 was passed upon when this case was here before, and was disapproved for the reason that the answer "would have been indecisive and not comprehensive of the other facts necessary to constitute a complete defense to the action." Interrogatory No. 3 is defective for the same reason. An answer to this question would certainly not be controlling of the facts alleged in count No. 4 of the declaration.

Interrogatories Nos. 4 and 5 were asked with a view of determining whether or not the plaintiff was guilty of contributory negligence. "To sustain the defense of contributory negligence in such cases, it must be shown not only that the infant employe had capacity to understand and appreciate his instructions and warning against the dangers incident to his unlawful employment, but that he in fact did understand them, and that his supposed negligent act was not such as the statute was intended to provide against, but also that he was possessed of such unusual wisdom and sagacity as to take him out of the class of youths under fourteen years which the statute was intended to protect." *Griffith* v. *Coal Co.*, 75 W. Va. 686. The question is indefinite as to the distance the plaintiff was from the place where he was required to be, and why. It would require much more than this to constitute contributory negligence on the part of a boy. If under the age of fourteen, his employment was illegal. To make a plaintiff who is under fourteen years of age guilty of contributory negligence, it must be shown that he has such unusual wisdom and sagacity as to take him out of the class of youths under that age which the statute is intended to protect. The evi-

dence in relation to his conduct would have to be such as to show that it was not what would naturally be expected of a boy of his age and intelligence. These interrogatories are subject to the further criticism that they involve several distinct propositions, all necessary to be considered in the answers, making the inquiry difficult. They would tend to create distraction and increase the perplexity rather than remove them and make plainer the duties of the jury.

We are of opinion that the court did not err in refusing to submit said Interrogatories Nos. 2, 3, 4, and 5, or the four questions involving the same subjects. For further discussion of this subject, see *Norman* v. *Virginia-Pocahontas Coal Co.,* 68 W. Va. 405.

The only remaining question is, did the court err in refusing to set aside the verdict of the jury and grant a new trial because the verdict is contrary to the law and the evidence and the damages awarded are excessive.

The plaintiff was in the employ of the defendant as a "trapper." It was his duty as such employe to open a gate placed across the track in the mine, and permit cars to pass through, and close the gate. While thus engaged in the defendant's coal mine, he partly opened the gate, and a motor car endeavoring to pass through the gate, ran against it and threw it down on the plaintiff and injured him. Up to this point there is no dispute as to the facts. The plaintiff claims that he was of immature age, under fourteen years, at the time of the accident; that he had had but little experience, and was not instructed by the defendant in the work; that the gate was defective and difficult to open, and was not a safe appliance with which to work. These statements are contradicted by the defendant. The testimony is oral and contradictory. There is evidence to support the defendant's contention; and the verdict depends solely upon the credibility of witnesses and the weight given their testimony. The case was a proper one for a jury. There is no such preponderance of the testimony as would authorize the court to set aside the verdict and grant a new trial.

It is now the well settled law of this state that, "When the evidence plainly, clearly, and decidedly preponderates against

the verdict of the jury, this court will grant a new trial." *Limer* v. *Traders Co.,* 44 W. Va. 175; and it is equally well settled that "Where a case has been fairly submitted to the jury, and a verdict fairly rendered, it should not be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the facts. Hence a new trial should not be granted merely because the court, if upon the jury, would have rendered a different verdict." 10 Enc. Dig. Va. & W. Va. Rep. 457. "The appellate court will not grant a new trial, when asked upon the sole ground that the verdict is contrary to the evidence, unless the verdict is manifestly wrong, as great weight is attached to the verdict rendered by the jury, and approved by a judge, both of whom saw the witnesses and had an opportunity to judge as to their credibility." 10 Enc. Dig. Va. & W. Va. Rep. 457.

The case has been twice decided by a jury, and the same verdict rendered in both trials. The injuries received by the plaintiff are quite serious, and we would not be justified in saying that the verdict is excessive in amount.

We affirm the judgment of the circuit court.

*Affirmed.*