# CHARLESTON

## VOECKLER v. STROEHMANN'S VIENNA BAKERY.

Submitted October 28, 1914.    Decided December 22, 1914.

1. ADJOINING LANDOWNERS—*Improvement of Property—Injury to Adjoining Property.*

Where one in improving his own property fails to exercise the ordinary care, prudence, and skill reasonably dictated by the situation and circumstances as due for the protection of a building standing on an adjoining lot, and thereby injures the same, he is liable for the injury, whether caused by affecting the lateral support of the soil of the adjoining lot or otherwise. (p. 385).

2. SAME—*Improvement of Property—Injury to Adjoining Property—Defense.*

Though one in improving his own property employs therefor a competent architect and a skilled contractor, if the work remains under his control and the architect and the contractor merely represent him as to the means of doing the same, he is not by their employment absolved from liability for injury to adjoining property caused by failure to exercise care for its protection. (p. 388).

Error to Circuit Court, Ohio County.

Action by Edward Voeckler against Stroehmann's Vienna Bakery. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*John P. Arbenz,* for plaintiff in error.

*T. S. Riley* and *J. B. Handlan,* for defendant in error.

ROBINSON, JUDGE:

This action is for the recovery of damages for injury alleged to have been caused to plaintiff's building by the carelessness and negligence of defendant in the erection of a new building on the adjoining premises. Defendant brings error as to the judgment reached and entered against it.

As we perceive the case from the record, the demurrer to the declaration and the motion to set aside the verdict present merely the question whether one must, in erecting a building on his own lot immediately adjoining the building of another on an adjacent lot, exercise care for the protection of the adjoining property. This question, as far as it relates to the excavation of the ground on or near to the line of an adjoining lot, has been settled in *Walker v. Strosnider,* 67 W. Va. 39.

The facts in the case now before us are a little different from those presented in the case cited, though the just principle discussed and applied in the exhaustive opinion in that case seems quite as applicable here. As the facts are here, it may have been considered by the jury that the excavation which defendant made was not improperly, carelessly or unskilfully made. An old brick house was removed by defendant to make way for the new structure. Defendant did not wholly remove the wall of the old house that stood immediately against plaintiff's wall, it removed only the upper portion thereof, leaving the wall to stand about twelve feet in height. The two walls were founded on about the same level, just a little below the level of the floor of plaintiff's cellar. They had stood there together since 1872. Originally there had been cellars under both houses, but defendant a few years ago had filled in with earth the cellar

under its house. A part of this filled in earth defendant excavated for the putting in of a new wall for the new structure, but it left its old wall standing, and placed the new wall clearly on its own ground, with the old wall remaining between the new one and the wall of plaintiff. The excavation did not go quite as deep as the bottom of defendant's old wall and plaintiff's wall. It went only to the brick floor of the old cellar that had been filled. So it can scarcely be said that the excavation itself deprived plaintiff of lateral support for his soil. He had no soil laterally adjoining the excavation. Thereto adjoining he had only a cellar, and two walls were left standing between the excavation and the cellar. But there is evidence that, indirectly, the excavation was used to the injury of the support of plaintiff's wall. In the setting of concrete for the making of the foundation for heavy bake ovens which were to be used in the new building, streams of warm water were put into the excavation so that the water went through and under both defendant's old wall and the plaintiff's wall into plaintiff's cellar. Thus the lateral support of the soil under plaintiff's wall was disturbed and weakened. There is also evidence that plaintiff's wall settled, and that this settling caused his house to be thrown into the unshapely condition that undoubtedly pertains to it since defendant's operations. The jury could find that plaintiff's support for the wall was weakened by the water. Whether the use of the water was within reasonable care and prudence on the part of defendant was also a question for them to determine.

But from the evidence the jury could find that defendant did much more affecting the lateral support of the soil under plaintiff's wall. Defendant hung a thick, heavy concrete foundation for the bake ovens onto its old wall and the stone foundation thereof. On this concrete basis it built up a new wall against its old one to the height that the old one had been taken down. Then the new wall was set back on the top of the old and was carried up to the height of the new three story building. All the weight of the new building and of the bake ovens on that side were thus thrown on the old wall, except wherein the concrete foundation that was hung to it rested on the bottom of the filled in cellar, a short distance

above the bottom of the old wall.  The old wall had stood for many years, was not of modern material, and was not intended for such a massive building as defendant used it in. An experienced architect and a skilled contractor testified that this was faulty construction and that it disturbed the support of the soil under plaintiff's wall and caused the injury complained of.  Their testimony with other facts and circumstances in evidence prove plaintiff's theory of the cause and manner of the injury, and that the work was not done with the care and prudence that defendant owed plaintiff, its neighbor.  The jury were entitled so to consider the case, and from the verdict we can only assume that they did so consider it.  As to the question of reasonable care there is conflict of evidence, but it was the province of the jury to solve that conflict.

Defendant owed to plaintiff the duty to use reasonable care in so constructing its new building that the same would not weigh down the soil under plaintiff's wall.  Whether done by direct excavation or by something else, an adjoining owner can not deprive his neighbor of lateral support for the soil. Though one builds a heavy building on the surface of the ground, if he does it so negligently as to have insecure foundation, and the pressing down of the same takes away lateral support from the adjacent land, there is liability.  The principal of liability expounded in *Walker* v. *Strosnider, supra,* applies.

The doctrine of justice contained in the maxim, "*Sic utere tuo ut alienum non laedas*", goes further in its application between adjoining land owners than that the one can not carelessly injure a building of the other by affecting the lateral support of the soil of the latter.  A more direct injury to a building of the adjoining owner, done carelessly in the removal or erection of a house in juxtaposition thereto, certainly comes under the maxim.  The wall of the adjoining owner above ground can not be carelessly cut into, or otherwise injuriously affected.  Broom's Legal Maxims, (8th ed.), 292.  True, the one owes no right of lateral support for the buildings of the other.  But if the one is about to remove an old building, he must observe the situation of his neighbor, and in removing the building do nothing on his own land

carelessly to the injury of the latter.   2 Washburn on Real
Property, (6th ed.), sec. 1299.   The former is not required
to prop or shore up to protect his neighbor.   That extra-
ordinary care is on the owner of the building that may be
affected by the removal of the adjoining building.   Washburn
on Easements, (4th ed.), 604.   But the owner of the building
that is being removed, or of one being erected, is liable when
the work is done without reasonable care under all the cir-
cumstances, to the injury of the adjoining building.   3 Kent's
Commentaries, (14th ed.), 437, note (b).   And in the case
before us, though the jury from the evidence may not have
found that the soil of plaintiff was affected, still if they came
to a conclusion that defendant's building was so carelessly
constructed that it settled and pressed against plaintiff's wall
and thereby injured plaintiff's building, they could assess
damages in the premises.   Some inferences reasonably aris-
ing from the facts and circumstances proved, would sustain
such a conclusion, and the same is within the purview of the
declaration.

It is proved that plaintiff's house was out of plumb and
somewhat in imperfect shape before defendant began opera-
tions.   But that did not relieve defendant of the duty of due
care.   It was bound to deal with the conditions as it found
them, using reasonable and ordinary care under the circum-
stances to avoid injury to plaintiff's house.   *Walker* v. *Stro-
snider, supra.*   The weakness of plaintiff's building indeed
prompted care on the part of defendant.

Defendant submits that it exercised all the care that should
be required of it when it employed for the work a competent
and experienced architect and a skilled contractor.   But it
appears that the architect and the contractor were merely
the servants of defendant.   It plainly appears that defendant
actually controlled the manner of doing the work.   The con-
tractor and the architect only advised with defendant.   It
appears that the latter was on hand and in complete control.
The architect made no definite working plans.   Nor was the
work committed to his judgment and control.   He admits
he never made an examination of the character of the soil
used as a foundation.   The contractor had no independent
contract.   He was paid by the day, doing the work as directed

by defendant. The architect and the contractor in this case clearly represented defendant as to the means as well as to the result of the work. The law in relation to independent contractors does not apply. The relation of master and servant existed. *Anderson* v. *Tug River Coal & Coke .Co.,* 59 W. Va. 301. Indeed, as in *Walker* v. *Strosnider, supra,* it may be queried whether in cases like this one, a defendant may acquit himself by committing the work to an independent contractor.

The trial court properly ruled in the matter of instructions. The one given at the request of plaintiff and those given for defendant cover and properly expound the law applicable to the case as made. They correctly and fairly submit the issues to the jury. Some of those requested by defendant and refused were inapplicable; most of those refused, however, were in fact repetitions of instructions which the court granted on defendant's request. When a great number of instructions are requested, as was done by defendant in this case, the trial judge may certainly weed out from them lengthy repetitions. As Judge BRANNON said in *State* v. *Bingham,* 42 W. Va. 234: "A court need not—ought not to—give innumerable instructions."

There is no error. The judgment will be affirmed.

*Affirmed.*