# Richmond

LEWIS S. DENNIS, AN INFANT, ETC. AND JOHN LEWIS DENNIS
v. ODEND'HAL-MONKS CORPORATION.

December 6, 1943.

Record No. 2722.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Martin & Martin* and *Smith & Smith*, for the plaintiffs in error.

*Rixey & Rixey*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The plaintiffs in error, who were the plaintiffs in the trial court, sued the defendant in error, Odend'Hal-Monks Corporation by notice of motion for judgment, for damages resulting from personal injuries sustained by Lewis Sterling Dennis, an infant under the age of twenty-one years.

John Lewis Dennis, father of said infant, sued separately for damages on account of medical and other expenses incurred by him in the treatment of the infant plaintiff.

These actions were consolidated under the provisions of section 5331(a) of the Code of Virginia, and by consent were considered as one case.

The defendant demurred to the notices of motion, original and amended, which was sustained, and the actions were dismissed on December 30, 1942. By writ of error granted the case is before us.

The sole question to be considered is whether the notices of motion stated a cause of action. If they did the demurrers should have been overruled. If they did not the court was right in sustaining them.

The facts, as stated in the notices of motion and which are admitted by the demurrers, are as follows, quoting from the plaintiffs' petition:

"On August 15th, 1941, the defendant was engaged in performing certain roofing work on a building situated on

45th Street near its intersection with Colley Avenue, both public streets in the city of Norfolk.

"In the course of said work defendant parked an automobile truck, owned, operated and controlled by it, on said 45th Street in front of the building upon which the work was being done and in close proximity to a sand pile which was also in front of the said building.

"Young children were accustomed to play upon the said pile and in the vicinity of the parked truck, which fact was known to the defendant; and on said date the infant plaintiff, Lewis Sterling Dennis, three years of age, was in the vicinity of the said sand pile and of the said parked truck.

"An employee of the defendant who was working for the defendant on said building, placed on and upon the truck of the defendant a bottle made for, and used generally in the sale of a popular and well known and publicly advertised beverage known as 'Pepsi-Cola', upon the outside of which said bottle was placed the label customarily placed upon bottles containing said beverage known as 'Pepsi-Cola', which label was of a prominent and distinctive color and appearance, containing the words 'Pepsi-Cola', and other words indicating that the beverage known as 'Pepsi-Cola' was contained in said bottle, and which beverage is perfectly harmless and palatable for human consumption, and is widely and generally sold as a beverage to, and is consumed by the public, but which bottle actually and in fact contained a dangerous and poisonous acid used in connection with the roofing work in which the defendant was engaged, which acid was in fact, and was known by the defendant to be dangerous and poisonous to human beings if taken internally or applied externally.

"The said bottle was not marked in any way to indicate or warn anyone that it contained anything other than the beverage 'Pepsi-Cola', which it purported to contain, and no precautions were taken by the defendant to guard or keep said bottle in a safe place, or to prevent children or anyone else from obtaining possession of the dangerous acid that it contained.

"The infant plaintiff obtained possession of the bottle, and in ignorance of the fact that it contained a dangerous and poisonous acid, drank a portion thereof, and as a result was seriously burned in his mouth, throat, stomach and otherwise internally, causing him serious, painful and permanent bodily injuries, and the action was accordingly instituted by him for such injuries."

The plaintiffs contend that the facts stated and admitted by the demurrers constitute negligence on the part of the defendant, which consisted in leaving its truck parked on the side of the street, near a sand pile, where children congregated and played, with workmen's tools, and a Pepsi-Cola bottle, containing muriatic acid, bearing the Pepsi-Cola label, in the body of the truck, the bottle, with its contents, constituting an attractive article to children and accessible to them. The defendant urges that the conditions created by this state of facts are not negligence.

The trial court, in sustaining the demurrers, took the position that the happening complained of could not reasonably have been expected; that foreseeableness or reasonable anticipation of the consequences of an act is determinative of the question of negligence.

The court made its written opinion a part of the record, in which it cited cases from this court as authority for its position. The case of *Virginia Iron, etc., Co. v. Hughes*, 118 Va. 731, 88 S. E. 88, is cited, in which it was said:

"It is not negligence to fail to take precautionary measures to prevent an injury which, if taken, would have prevented it, when the injury could not reasonably have been anticipated and would not have happened but for the occurrence of exceptional circumstances."

And again the case of *Newport News, etc., Elec. Co. v. Clark*, 105 Va. 205, 52 S. E. 1010, 115 Am. St. Rep. 868, 6 L. R. A. (N. S.) 905, was cited.

"If an occurrence is one that could not reasonably have been expected the defendant is not liable. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence."

■ And the case of *Southern Ry. Co. v. Bell*, 114 F. (2d) 341, 343, is also cited, with the following quotation:

" * * * it is a sound rule, that one is liable for only those consequences which in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable."

*Wyatt v. Chesapeake, etc., Tel. Co.*, 158 Va. 470, 163 S. E. 370, 373, 82 A. L. R. 386; *St. Mary's Hospital v. Scanlon*, 71 F. (2d) 739; *Fort Smith Gas Co. v. Cloud*, 75 F. (2d) 413, 97 A. L. R. 833.

The plaintiff in error has cited several Virginia cases which he thinks involve principles which are applicable to the case in judgment. We do not think that the analogy is apposite nor is the reasoning sound, for the reason that the facts in those cases are very clearly distinguishable from those here. The cases are *Haywood v. South Hill Mfg. Co.*, 142 Va. 761, 128 S. E. 362; *Gregory v. Lehigh Portland Cement Co.*, 157 Va. 545, 162 S. E. 881; and *Daugherty v. Hippchen*, 175 Va. 62, 7 S. E. (2d) 119. The element of fact upon which the first case hinged was an electric current which was contained is what is known as a transformer, which was very near the sidewalk of a street along which children frequently passed and which was only enclosed by ordinary fencing wire. The current carried by the electrified part of the transformer was of 11,000 volts. Of course it was deadly. A lad of evidently a mischievous nature passing by thrust a saw, which he had, through the openings of the wires of the enclosure making contact with the electrified part of the transformer. There was a sign warning persons of the danger and the thing was an attractive object to a boy of a curious turn of mind. The defendant was held liable, the court stressing the fact that it was a highly dangerous instrumentality, maintained near the street, and that reasonable care was required to protect those passing by.

The other two cases involved injuries that were occasioned by the explosion of dynamite caps. In the *Gregory v. Le-*

*high, etc. Case* dynamite caps were left lying around post holes which the defendant was digging and had carelessly left on the ground. The plaintiff, a boy about 10 years old, attracted by these bright metallic objects, picked up several of them and put them in a tin box with some marbles. This box, with other things, was taken to the tool house of his father. About two years afterward the boy, who had returned from Ohio where he had been on a visit, went into the tool house with his father and seeing the box, and remembering his marbles and the shiny things, tried to open it. He could not, and then he struck it with a mattock. The caps exploded, putting out one of his eyes and fracturing his knee. The defendant was held liable. The basis of its negligence was carelessly leaving exposed a deadly, dangerous instrumentality, bright, shiny, and attractive to children who knew nothing of their danger, and who lived and played in the vicinity.

It is urged that the *Daugherty-Hippchen Case*, is controlling as to the case we are considering, but the distinguishment of the two cases is clear. In that case there were dynamite caps in the tool house of the defendant. The door was left open. He knew that small children were in the habit of playing in and around this house and he gave no warning for them to stay away. The plaintiff was a boy eight years of age. He yielded to the enticement to enter the tool house, where he saw a tin box on the floor. This he opened and carried away several of the bright metallic objects it contained. They were dynamite caps which he took home and while picking at one with a pin it exploded and caused the injuries complained of. The defendant was held liable. To state the facts is to show the important differences between that case and this. It is difficult to imagine a child three years old climbing into a truck and procuring a bottle containing muriatic acid, or anything else, and drinking it. Much is made of the fact that on the bottle was a Pepsi-Cola label. This, however, seems to us of little concern since a child of that age cannot read and therefore cannot tell what sort of label the bottle bears.

It seems to us almost inconceivable that such an event could be foreseen by even the most careful and prudent person.

Another striking difference between the cases we have mentioned, and most of those cited, and the present case is that in the former there were permanent structures, such as tool houses, affording stationary and durable objects for children to observe and be enticed by dangerous but interesting instrumentalities in or about them. Here the parking of the truck, while its operator was doing some construction work on a nearby building, was quite impermanent.

The defendant emphasizes the fact that in this case the child was a trespasser. We give little thought to this in the case of a child of such immature years. In fact we said in the *Daugherty-Hippchen Case, supra,* that the rule regarding trespassers has no application where children of immature years are concerned.

We fail to see any negligence in this case and we think the view taken by the distinguished judge of the trial court is eminently sound.

If there were a verdict in favor of the plaintiff and approved by the trial court, under the facts proven as alleged, we would feel impelled to reverse it. Therefore we affirm the action of the court in sustaining the demurrers and in dismissing the case.

*Judgment affirmed.*

CAMPBELL, C. J., and GREGORY, J., dissenting.