CLYDE R. HARTLEY

*v.*

HARRY CREDE, *et al.*

(No. 10651)

Submitted April 20, 1954. Decided July 27, 1954.

*Peters, Snyder, Merricks* and *Leslie, H. L. Snyder,* for plaintiffs in error.

*Lilly* and *Lilly, R. G. Lilly, Charles Mottesheard,* for defendant in error.

HAYMOND, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Kanawha County in August, 1951, by the plaintiff Clyde R. Hartley to recover from the defendants Harry Crede and his son Harry Crede, Jr., damages for personal injuries sustained by the plaintiff in connection with a series of automobile collisions on a public highway of this State known as U. S. Route 119, between Charleston and Big Chimney, in Kanawha County, in which an automobile owned by Harry Crede and driven by Harry Crede, Jr., was involved. The plaintiff charges that the concurrent negligence of the defendants was the proximate cause of his injuries, and he seeks to recover damages in the sum of $40,000.00.

Upon the trial of the case the circuit court overruled motions of the defendants to direct a verdict in their favor and the jury returned a verdict for the plaintiff and against both defendants for $9,000.00. The circuit court also overruled a motion of the defendants to set aside the verdict and award a new trial and entered judgment upon the verdict. To that judgment the defendants prosecute this writ of error.

The amended declaration, to which the demurrer of the defendants was overruled and their plea of the general issue was filed, charges in substance that the defendant Harry Crede, Jr., a member of the family of Harry Crede, while driving an automobile of the defendant Harry Crede with his knowledge and consent, on the night of December 25, 1950, on U. S. Route 119, in a westerly direction from the town of Big Chimney to the City of Charleston, became involved in a collision with another automobile which had also been driven in a westerly direction and

had been involved in a collision with another automobile which had been driven in the same direction; that the front end of the automobile driven by Harry Crede, Jr., became fastened to the rear end of the automobile in front of it; that until the automobile driven by Harry Crede, Jr., was disengaged from the other automobile it remained upon the paved portion of the highway; that after it was so disengaged it was negligently allowed to remain upon the paved portion of the highway for an unreasonable length of time in violation of the traffic laws of this State; and that the defendant Harry Crede, Jr., negligently failed to use due care to warn other motorists of the presence of the automobile on the highway; that the defendant Harry Crede, on the same night, was driving another motor vehicle owned by him, a truck, on U. S. Route 119, in an easterly direction from the City of Charleston toward the town of Big Chimney; that when he reached a point on the highway approximately opposite the automobile driven by the defendant Harry Crede, Jr., he drove and placed the truck on the right berm of the highway with the front of the truck pointed toward the highway; that he negligently caused and permitted the bright lights on the truck to burn after it was so placed; that the bright lights would and did interfere with and prevent persons driving in a westerly direction from seeing the automobile negligently allowed to remain on the highway by the defendant Harry Crede, Jr.; that the plaintiff at the request of the wife of Harry Crede, undertook to assist in unfastening the automobile driven by Harry Crede, Jr., from the automobile in front of it; that after the automobile had been disengaged the plaintiff and other persons stood on the berm of the highway near the rear of the automobile; that while the plaintiff stood in that place Frances Smith operating a truck in a westerly direction on the highway, in her efforts to avoid colliding with the automobile driven by the defendant Harry Crede, Jr., which she was prevented from seeing until she was "practically on it" due to the glare and bright lights of the truck of the defendant Harry Crede, drove

the truck upon the berm of the highway and struck and seriously and permanently injured the plaintiff in his person; that the injuries of the plaintiff were caused by the concurrent negligence of the defendants; and that the plaintiff was without fault.

The plaintiff was injured while standing on the berm on the north side of a straight section of U. S. Route 119 which in that locality extends generally from east to west. The paved portion of the highway, which is level and straight for a distance of approximately 475 feet east, and for more than 300 feet west, of the place of the injury, is 20 feet in width. The berm, which is level with the paved surface of the road, is about 6 feet wide on the north side and about 23 feet wide on the south side of the highway in front of a building referred to in the evidence as the Johnson Store and which is almost directly opposite the point where the plaintiff was injured. About 475 feet to the east of the center of the Johnson Store a 14 foot concrete road, known as the Coopers Creek Road, intersects the northern side of U. S. Route 119, and about 75 feet east of and diagonally across the road from the store a 16 foot gravel road intersects the north side of the highway on an angle. Between the place of the injury and the intersection of the Coopers Creek Road a steel bridge, forming a part of U. S. Route 119 and 143 feet in length, crosses Coopers Creek and the west end of the bridge is approximately 150 feet east of the place of the injury. The objects mentioned are located on, and the various distances indicated are calculated from the scale of, a map introduced in evidence by agreement of the attorneys for the respective parties.

Between six o'clock and seven o'clock in the evening of December 25, 1950, the defendant Harry Crede, Jr., then 18 years of age and a member of the family of the defendant Harry Crede, accompanied by a young lady, was proceeding west on U. S. Route 119, in a Dodge automobile owned by his father, the defendant Harry Crede. At a point west of the Coopers Creek Bridge and almost directly

opposite the Johnson Store the automobile driven by the defendant Harry Crede, Jr., became involved in a series of end to end collisions with three other automobiles also traveling west on the highway a short distance in front of it. The first of the three automobiles suddenly checked its speed or stopped, the second automobile struck the rear of the first automobile, the third automobile struck the rear of the second automobile and the automobile driven by the defendant Harry Crede, Jr., after stopping shortly behind the third automobile was pushed or knocked into or against it by another automobile following the automobile driven by the defendant Harry Crede, Jr. The automobile which struck the automobile driven by the defendant Harry Crede, Jr., inflicted and sustained no damage and immediately left the scene of the collisions. As a result of the collisions of the other four automobiles, they became hooked or fastened together and remained for some time in that situation.

Soon after the collisions involving the four automobiles the plaintiff and his son, John A. Hartley, acquaintences and friends of the Credes for many years, traveling by automobile in an easterly direction on U. S. Route 119 to make a Christmas visit at the home of the defendant Harry Crede, located about a mile east of the Johnson Store, arrived at the scene of the collisions and recognized the automobile driven by the defendant Harry Crede, Jr. The plaintiff and his son paused momentarily at the scene of the collisions. They then proceeded to the Crede home and, after learning that Harry Crede was not there, told his wife of the collisions and returned to the place where the collisions had occurred. The plaintiff or his son parked the automobile in which they had been riding on the 16 foot gravel road beyond its intersection with U. S. Route 119 and they then walked to the location of the four automobiles involved in the collisions. Shortly after their arrival, the defendant Harry Crede, driving a Dodge truck in an easterly direction from Charleston on U. S. Route 119 came to the scene of the collisions. He drove his truck off the paved portion of the road and parked it on the berm in front of the Johnson Store several feet south

of the south edge of the paved portion of the highway at a point almost directly opposite the automobile driven by the defendant Harry Crede, Jr. He left the truck parked at that place, with its front headlights burning, and crossed the highway to the automobiles involved in the collisions.

When the plaintiff and his son and the defendant Harry Crede arrived at the scene of the collisions the four automobiles involved in them were still fastened together. They assisted other persons involved in the collisions in disengaging the automobiles. The time spent in unfastening the automobiles was approximately thirty minutes. After the first two automobiles were released they were driven from the scene. The automobile driven by Harry Crede, Jr., was the last of the four automobiles to be released and after it was disengaged it was pushed back from the automobile immediately in front of it for a distance of about two feet. It was then examined to determine whether the motor was injured and it was found to be in running condition. After it was released it remained on the hard surfaced portion of the road for a period variously estimated by witnesses as ten to twenty-five minutes. While it was in that position a truck driven by Frances Smith, traveling south on the Coopers Creek Road, entered U. S. Route 119 at the intersection of the two roads at a point approximately 475 feet east of the Johnson Store and proceeded west on U. S. Route 119 at a speed of fifteen to twenty miles per hour to a point a few feet from the rear of the automobile driven by Harry Crede, Jr., when the driver of the truck, not having sooner observed that automobile immediately in front of her, to avoid striking it, turned the truck abruptly to her right, drove it off the paved portion of the highway and upon the berm on the north side of the road, and struck and severely injured the plaintiff who at the time was standing on the berm near the right rear fender of the automobile driven by the defendant Harry Crede, Jr. The truck proceeded beyond the automobile driven by Harry Crede, Jr., for a distance of several feet before it came to a stop.

During the time the four automobiles involved in the collisions remained on the highway and before the plaintiff was struck and injured by the truck driven by Frances Smith one or two persons directed other automobiles approaching from the east and from the west in passing the four parked automobiles and many automobiles traveling in each direction in a single lane on the southern half of the paved portion of the highway passed the four parked automobiles without mishap or injury until the truck driven by Frances Smith struck the plaintiff.

The evidence is conflicting as to whether the front end of the truck parked by the defendant Harry Crede on the berm between the paved portion of the highway and the Johnson Store with the front lights burning was pointed toward or away from the paved portion of the highway, as to whether the lights of the truck left burning by the defendant Harry Crede were bright headlights or parking lights, as to whether the rear light on the automobile driven by the defendant Harry Crede, Jr., was burning after it became involved in the end to end collisions and when the plaintiff was struck by the truck driven by Frances Smith, and as to whether any one in the section between the rear of the automobile driven by the defendant Harry Crede, Jr., and the west end of the Coopers Creek Bridge acted as a flagman or a guide to warn or direct the drivers of automobiles approaching from the east the automobile driven by the defendant Harry Crede, Jr. The plaintiff and some of the witnesses in his behalf testified that the front end of the truck was pointed toward the highway, that its bright lights were burning, that there was no light on the rear of the automobile driven by the defendant Harry Crede, Jr., and that no person acted as a flagman to warn or direct motorists who approached from the east the automobile driven by the defendant Harry Crede, Jr. On the contrary, the defendant Harry Crede and witnesses in his behalf testified that the front end of the truck was pointed parallel with or away from the paved portion of the highway, that the burning lights on the truck were its parking lights and

not its bright headlights, that there was a light on the rear of the automobile driven by the defendant Harry Crede, Jr., after it was involved in the collisions, and that one or more persons acted as a flagman in the section of the highway between the automobile driven by the defendant Harry Crede, Jr., and the west end of the Coopers Creek Bridge to warn and direct motorists approaching from the east. As the evidence relating to these matters was conflicting the finding of the jury which sustains the contention of the plaintiff with regard to those particular facts will not be disturbed as to them.

Though the defendants assign as error the action of the circuit court in overruling their demurrer to the amended declaration, in giving certain instructions offered by the plaintiff, in refusing to give certain instructions offered by the defendants, and in excluding certain evidence offered by the defendants to contradict certain portions of the testimony of a witness who testified in their behalf, the controlling questions presented by the assignments of error are (1) whether the defendants were guilty of concurrent negligence which was the proximate cause of the injuries sustained by the plaintiff; and (2) whether the conduct of Frances Smith in the operation of the truck driven by her which struck the plaintiff while he was standing on the berm north of the paved portion of the highway was an intervening cause which was the proximate cause of his injuries.

The amended declaration sufficiently states a cause of action against the defendants in favor of the plaintiff, does not allege facts which show that the plaintiff was guilty of contributory negligence, and is good on demurrer. It charges the duty of the defendants, that such duty was breached by them by their particular acts or omissions, and that the injuries sustained by the plaintiff were caused by such negligent acts or omissions; and the action of the circuit court in overruling the demurrer to the amended declaration was correct. A declaration in tort for personal injuries which charges the duty of the defendant, that

such duty was breached by his particular acts or omissions, stated with reasonable certainty, and that the injuries and the damages complained of were caused by such negligent acts or omissions, is good on demurrer. *Gilkerson* v. *Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Pope* v. *Edward M. Rude Carrier Corporation,* 138 W. Va. 218, 75 S. E. 2d 584; *Meade* v. *St. Francis Hospital of Charleston,* 137 W. Va. 834, 74 S. E. 2d 405; *Holton* v. *Clayco Gas Company,* 106 W. Va. 394, 145 S. E. 637; *Diotiollavi* v. *United Pocahontas Coal Company,* 98 W. Va. 116, 128 S. E. 278; *Canfield* v. *West Virginia Central Gas Company,* 80 W. Va. 731, 93 S. E. 815, L. R. A. 1918A, 808; *Snyder* v. *Wheeling Electrical Company,* 43 W. Va. 661, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922.

To recover in an action based on negligence the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injuries of which the plaintiff complains. *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *McKinney* v. *Miller,* 138 W. Va. 324, 75 S. E. 2d 854; *Holiman* v. *Baltimore and Ohio Railroad Company,* 137 W. Va. 874, 74 S. E. 2d 767; *Webb* v. *Sessler,* 135 W. Va. 341, 63 S. E. 2d 65; *Divita* v. *Atlantic Trucking Company,* 129 W. Va. 267, 40 S. E. 2d 324; *Fleming* v. *McMillan,* 125 W. Va. 356, 26 S. E. 2d 8; *Jones* v. *Virginian Railway Company,* 115 W. Va. 665, 177 S. E. 621; *Fleming* v. *Hartrick,* 100 W. Va. 714, 131 S. E. 558; *Donald* v. *Long Branch Coal Company,* 86 W. Va. 249, 103 S. E. 55; *Massie* v. *Peel Splint Coal Company,* 41 W. Va. 620, 24 S. E. 644. To be actionable, negligence must be the proximate cause of the injuries complained of and must be such as might have been reasonably expected to produce an injury. *Wickline* v. *Monongahela Power Company,* 139 W. Va. 732, 81 S. E. 2d 326; *Stenger* v. *Hope Natural Gas Company,* 139 W. Va. 549, 80 S. E. 2d 889; *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *State ex rel. Cox* v. *Sims,* 138 W. Va. 482, 77 S. E. 2d 151; *Donald* v. *Long Branch Coal Company,* 86 W. Va. 249, 103 S. E. 55; *Anderson* v. *Baltimore and Ohio Railroad Company,* 74 W. Va. 17, 81 S. E. 579, 51 L. R. A., N. S., 888.

Concurrent negligence occurs when two or more persons are guilty of negligence and the negligence of each in point of time and place concurs and proximately causes or contributes to the injury of another person. *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Brewer* v. *Appalachian Constructors,* 135 W. Va. 739, 65 S. E. 2d 87; *Sigmon* v. *Mundy,* 125 W. Va. 591, 25 S. E. 2d 636; *Miller* v. *Douglas,* 121 W. Va. 638, 5 S. E. 2d 799; *Starcher* v. *South Penn Oil Company,* 81 W. Va. 587, 95 S. E. 28; *Richmond Coca-Cola Bottling Works* v. *Andrews,* 173 Va. 240, 3 S. E. 2d 419; *Yonker* v. *Williams,* 169 Va. 294, 192 S. E. 753; *Price* v. *Burton,* 155 Va. 229, 154 S. E. 499.

The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred. *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Webb* v. *Sessler,* 135 W. Va. 341, 63 S. E. 2d 65; *Twyman* v. *Monongahela West Penn Public Service Company,* 118 W. Va. 330, 191 S. E. 541; *Estep* v. *Price,* 93 W. Va. 81, 115 S. E. 861; *Schwartz* v. *Shull,* 45 W. Va. 405, 31 S. E. 914. The proximate cause of an event is that cause which in actual sequence, unbroken by any independent cause, produces an event and without which the event would not have occurred. *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Webb* v. *Sessler,* 135 W. Va. 341, 63 S. E. 2d 65; *Twyman* v. *Monongahela West Penn Public Service Company,* 118 W. Va. 330, 191 S. E. 541. "One requisite of proximate cause is an act or an omission which a person of ordinary prudence could reasonably foresee might naturally or probably produce an injury, and the other requisite is that such act or omission did produce the injury." Point 4, Syllabus, *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180.

An intervening cause of an injury is a negligent act or omission which constitutes a new effective cause and which, operating independently of anything else, is the proximate cause of the injury. *Wilson* v. *Edwards,* 138 W.

Va. 613, 77 S. E. 2d 164; *Fleming* v. *Hartrick,* 100 W. Va. 714, 131 S. E. 558; *Anderson* v. *Baltimore and Ohio Railroad Company,* 74 W. Va. 17, 81 S. E. 579, 51 L. R. A., N. S., 888; *Washington* v. *The Baltimore and Ohio Railroad Company,* 17 W. Va. 190; *Chesapeake and Ohio Railway Company* v. *Crum,* 140 Va. 333, 125 S. E. 301; 13 M. J., Negligence, Section 23.

Under the foregoing principles and from the undisputed material facts established by the evidence with respect to the location of the automobile driven by the defendant Harry Crede, Jr., on the north side of the paved portion of the highway, the position of the truck parked by the defendant Harry Crede on the berm at a distance of several feet from the southern edge of the paved portion of the highway, the straight and level character of the highway for a distance of approximately 475 feet between the rear of the automobile driven by the defendant Harry Crede, Jr., and the intersection of the Coopers Creek Road with U. S. Route 119 where the truck driven by Frances Smith entered the highway and proceeded west to the place at which it struck and injured the plaintiff, the adequacy of the space on the south side of the highway, between the automobile driven by the defendant Harry Crede, Jr., and the truck parked opposite it on the berm of the road by the defendant Harry Crede, for the safe passage between them of an automobile approaching them from the east or the west, it is clear that neither defendant is guilty of actionable negligence.

In *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180, this Court, citing and quoting from numerous authorities, used this pertinent language: "Actionable negligence necessarily includes the element of reasonable anticipation that some injury might result from the act of which complaint is made. *Koehler, Admr.* v. *Waukesha Milk Company,* 190 Wis. 52, 208 N. W. 901. Failure to take precautionary measures to prevent an injury which if taken would have prevented the injury is not negligence if the injury could not reason-

ably have been anticipated and would not have happened if unusual circumstances had not occurred. *State ex rel. Cox* v. *Sims,* 138 W. Va. 482, 77 S. E. 2d 151; *Dennis* v. *Odend'Hal-Monks Corporation,* 182 Va. 77, 28 S. E. 2d 4; *Virginia Iron, Coal and Coke Company* v. *Hughes, Adm'r.,* 118 Va. 731, 88 S. E. 88. 'Where a course of conduct is not prescribed by mandate of law, foreseeability of injury to one to whom duty is owed is of the very essence of negligence.' 13 M. J., Negligence, Section 22. *Cleveland* v. *Danville Traction & Power Company,* 179 Va. 256, 18 S. E. 2d 913. A person is not liable for damages which result from an event which was not expected and could not have been anticipated by an ordinarily prudent person. *Barbee* v. *Amory,* 106 W. Va. 507, 146 S. E. 59; *Consumers' Brewing Company* v. *Doyle's Adm'x,* 102 Va. 399, 46 S. E. 390; *Fowlks* v. *Southern Railway Company,* 96 Va. 742, 32 S. E. 464; *Southern Railway Company* v. *Bell,* 4 Cir., 114 F. 2d 341. 'If an occurrence is one that could not reasonably have been expected the defendant is not liable. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence.' *Dennis* v. *Odend'Hal-Monks Corporation,* 182 Va. 77, 28 S. E. 2d 4. In the recent case of *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164, this Court used this quotation from the case of *Osborne* v. *Atlantic Ice & Coal Company,* 207 N. C. 545, 177 S. E. 796: 'The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted.' "

As an ordinarily prudent person, neither the defendant Harry Crede, Jr., nor the defendant Harry Crede, in permitting the automobile driven by the defendant Harry Crede, Jr., to remain upon the north side of the paved portion of the highway for a period of from ten to twenty five minutes after it was disengaged from the automobile

in front of it, even though its rear light was not burning, nor the defendant Harry Crede in parking his truck on the opposite berm, with sufficient space between it and the automobile driven by the defendant Harry Crede, Jr., for the safe passage between them of automotive traffic in either direction on the highway, even if the bright lights on the front of the truck were burning and casting a glare east along the highway, could reasonably anticipate or foresee that Frances Smith, or any other person, operating an automobile west on a long straight stretch of U. S. Route 119 between its intersection with the Coopers Creek Road and the location of the automobile driven by the defendant Harry Crede, Jr., would drive an automobile, without stopping or checking its speed, into the automobile driven by the defendant Harry Crede, Jr., or, to avoid striking it, go upon the north berm of the highway and strike and injure the plaintiff or any other person present at that point.

The undisputed material facts of this case readily distinguish it from the case of *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164, cited and relied on by the plaintiff, and the case of *Sigmon* v. *Mundy,* 125 W. Va. 591, 25 S. E. 2d 636, in each of which the acts of the defendants were held to constitute concurrent negligence. Those facts bring this case within the principle of the case of *Miller* v. *Douglas,* 121 W. Va. 638, 5 S. E. 2d 799, in which a defendant who directed or permitted his agent to park an automobile on a straight section of a public highway in plain view of the driver of the automobile which struck and injured the plaintiff was held to be not guilty of negligence which was the proximate cause of the injuries sustained by the plaintiff and of the case of *Scott* v. *Hoosier Engineering Company,* 117 W. Va. 395, 185 S. E. 553, in which the defendant, whose truck was illegally parked on a public highway where it could have been seen by the plaintiff in approaching it in an automobile driven by him for a distance of 150 feet, was held to be not guilty of negligence which was the proximate cause of the damages

to the automobile of the plaintiff which resulted from its collision with the truck.

If, however, the conduct of the defendants could be regarded as negligent, their negligence was not the proximate cause of the injuries sustained by the plaintiff. The negligence of Frances Smith in the operation of the truck driven by her was the proximate cause of the injuries sustained by the plaintiff. In testifying she admitted that she drove the truck west on the highway from the intersection where she entered it to a point within a few feet of the rear of the automobile driven by the defendant Harry Crede, Jr., without reducing its speed of fifteen to twenty miles per hour; that when she was at or near the western end of the Coopers Creek Bridge, a point 150 feet east of the automobile driven by the defendant Harry Crede, Jr., she was blinded by the bright lights on the front of the truck parked by the defendant Harry Crede; that she dimmed the lights of the truck driven by her; and that while so operating the truck she could not see clearly any object in front of her until immediately before she struck and injured the plaintiff. Her negligent conduct, which could not reasonably have been anticipated or foreseen by either defendant, was an intervening cause which broke any causal connection between the negligence of the defendants and the injuries sustained by the plaintiff and was the proximate cause of his injuries.

As already indicated and for the reasons stated, the evidence does not establish actionable negligence upon the part of the defendants, and for that reason the verdict of the jury should have been set aside by the trial court. "To warrant a finding that negligence is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligent act and that it ought to have been foreseen in the light of the attending circumstances." Point 3, Syllabus, *Matthews v. Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180. "Where in a trial of an action at law before a jury, the verdict returned is without evidence to support

it, or is plainly wrong, it will be set aside by this Court, the judgment entered thereon reversed, and the case remanded for a new trial." Syllabus, *Deluz* v. *Board,* 135 W. Va. 806, 65 S. E. 2d 201; Point 1, Syllabus, *Wickline* v. *Monongahela Power Company,* 139 W. Va. 732, 81 S. E. 2d 326; *Stenger* v. *Hope Natural Gas Company,* 139 W. Va. 549, 80 S. E. 2d 889; *Homes* v. *Monongahela Power Company,* 136 W. Va. 877, 69 S. E. 2d 131; *Ritz* v. *Kingdon,* 139 W. Va. 189, 79 S. E. 2d 123; *Kap-Tex, Inc.,* v. *Romans,* 136 W. Va. 489, 67 S. E. 2d 847; *Cannady* v. *Chestonia,* 106 W. Va. 254, 145 S. E. 390; *Palmer* v. *Magers,* 85 W. Va. 415, 102 S. E. 100; *Griffith* v. *American Coal Company,* 78 W. Va. 34, 88 S. E. 595; *Kelley* v. *Aetna Insurance Company,* 75 W. Va. 637, 84 S. E. 502; *Sims* v. *Carpenter, Frazier and Company,* 68 W. Va. 223, 69 S. E. 794; *Coalmer* v. *Barrett,* 61 W. Va. 237, 56 S. E. 385; *Chapman* v. *Liverpool Salt and Coal Company,* 57 W. Va. 395, 50 S. E. 601; *Thalhimer Bros.* v. *Buckner,* 194 Va. 1011, 76 S. E. 2d 215.

The defendants complain of the action of the trial court in giving Instructions Nos. 1, 2, 3, 4a and 7 offered by the plaintiff and in refusing to give Instructions Nos. 1, 4, 4a, 8, 11 and 12 offered by the defendants.

The plaintiff seeks to recover in this action on the theory that the defendants were guilty of concurrent negligence which was the proximate cause of his injuries. Instructions Nos. 1, 2 and 3 offered by the plaintiff, when read together, correctly state the law of concurrent negligence and were consistent with the plaintiff's theory of the case. As the circuit court should have directed the jury to return a verdict for the defendants, however, the instructions should have been refused. See *Miller* v. *Douglas,* 121 W. Va. 638, 5 S. E. 2d 799. Instruction No. 4a and Instruction No. 7, offered by the plaintiff, did not correctly propound the law and were misleading. An instruction which does not correctly state the law is erroneous. *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher* v. *Amere Gas Utilities Company,* 138 W.

Va. 166, 75 S. E. 2d 376; *Moore* v. *Turner*, 137 W. Va. 299, 71 S. E. 2d 342, 32 A. L. R. 2d 713; *Thomason* v. *Mosrie*, 134 W. Va. 634, 60 S. E. 2d 699; *Gilkerson* v. *Baltimore and Ohio Railroad Company*, 129 W. Va. 649, 41 S. E. 2d 188; *Parrish* v. *City of Huntington*, 57 W. Va. 286, 50 S. E. 416. It is reversible error to give an instruction which tends to mislead and confuse the jury. *Matthews* v. *Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180; *Chaney* v. *Moore*, 101 W. Va. 621, 134 S. E. 204, 47 A. L. R. 800; *Frank* v. *Monongahela Power Traction Company*, 75 W. Va. 364, 83 S. E. 1009. For these reasons those two instructions should have been refused and the action of the circuit court in giving them constituted reversible error.

Instruction No. 1, offered by the defendants and refused by the circuit court, would have directed the jury to find the defendants not guilty. This instruction should have been given and the action of the circuit court in refusing to give it constituted reversible error. "Where the evidence is not contradictory, proximate cause is a question of law to be determined by the court, and not a question of fact to be submitted to a jury." Point 3, Syllabus, *Schwartz* v. *Shull*, 45 W. Va. 405, 31 S. E. 914. When the material facts are undisputed and reasonable men can draw only one conclusion from them the question of negligence is a question of law for the court. *Matthews* v. *Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180; *Holiman* v. *Baltimore and Ohio Railroad Company*, 137 W. Va. 874, 74 S. E. 2d 767; *Daugherty* v. *Baltimore and Ohio Railroad Company*, 135 W. Va. 688, 64 S. E. 2d 231; *Cooper* v. *Pritchard Motor Company*, 128 W. Va. 312, 36 S. E. 2d 405; *Wood* v. *Shrewsbury*, 117 W. Va. 569, 186 S. E. 294; *Barron* v. *Baltimore and Ohio Railroad Company*, 116 W. Va. 21, 178 S. E. 277; *Linville* v. *Chesapeake and Ohio Railway Company*, 115 W. Va. 610, 177 S. E. 538; *Craft* v. *Fordson Coal Company*, 114 W. Va. 295, 171 S. E. 886; *Daniels* v. *Chesapeake and Ohio Railway Company*, 94 W. Va. 56, 117 S. E. 695; *Donald* v. *Long Branch Coal Company*, 86 W. Va. 249, 103 S. E. 55; *Reilly* v. *Nicoll*, 72 W. Va. 189, 77 S. E. 897, 47 L. R. A., N. S., 1199; *Ketterman*

v. *Dry Fork Railroad Company*, 48 W. Va. 606, 37 S. E. 683; *Klinkler* v. *Wheeling Steel and Iron Company*, 43 W. Va. 219, 27 S. E. 237; *Raines* v. *Chesapeake and Ohio Railway Company*, 39 W. Va. 50, 19 S. E. 565, 24 L. R. A. 226. As Instruction No. 1 offered by the defendants should have been given, it is unnecessary to consider or discuss the other instructions offered by the defendants and refused by the circuit court.

The defendants also assign as error the action of the circuit court in refusing to permit the attorneys for the defendants to introduce in evidence a prior written statement by John A. Hartley, the son of the plaintiff Clyde R. Hartley, and the plaintiff in another action against the defendants to recover damages for personal injuries sustained by him while he was present at the scene of the collisions, concerning the manner in which his father was injured when struck by the automobile driven by Frances Smith or to question him concerning the contents of the statement. This action of the circuit court was assigned by the defendants as a ground in support of their motion to set aside the verdict and grant a new trial. John A. Hartley was not called as a witness by the plaintiff but was offered and testified as a witness in behalf of the defendants. The written statement, in several particulars, was inconsistent with portions of his testimony as a witness for the defendants at a former trial of this case, at which the jury disagreed, and at the instant trial which resulted in a verdict in favor of the plaintiff. It appears that before he was offered as a witness by the defendants upon the instant trial of the case he discussed the written statement with the attorneys for the defendants and told them that it was incorrect in certain particulars. Having discussed the matter with the witness and with the attorneys for the plaintiff, the attorneys for the defendants were fully advised of the discrepancies between his prior statement and his testimony at the former trial and the testimony which he would give and did give at the instant trial. Despite these known contradictions, the defendants offered him as a witness and, after he had testified at the instant trial to the same effect as he had testified at the

former trial, the attorneys for the defendants sought to impeach his testimony by offering his prior written statement in evidence and by requesting permission to examine him concerning certain portions of it which were inconsistent with his testimony. This, upon objection by the plaintiff, the court refused to permit.

The well established general rule, subject to certain exceptions, is that a party can not impeach his own witness in the trial of a civil or a criminal case, in the absence of a statute which permits such impeachment. 58 Am. Jur., Witnesses, Section 792. Under the general rule a party can not impeach his own witness by his prior inconsistent statements unless the party is surprised, misled or entrapped by the witness. 58 Am. Jur., Witnesses, Section 798. In *Stout* v. *Sands,* 56 W. Va. 663, 49 S. E. 428, this Court held in point 2 of the syllabus that "Though a party cannot impeach a witness called by him, he is not bound by all such witness says. He may prove the material facts by other evidence, even though the effect of it is to directly contradict his own witness; but he cannot show that the witness has made contradictory statements out of court." See also *Keatley* v. *Hanna Chevrolet Company,* 121 W. Va. 669, 6 S. E. 2d 1; *Culp* v. *The Virginian Railway Company,* 80 W. Va. 98, 92 S. E. 236; *William James Sons Company* v. *Hutchinson,* 79 W. Va. 389, 90 S. E. 1047; *Lambert* v. *Armentrout,* 65 W. Va. 375, 64 S. E. 260, 22 L. R. A., N. S., 556. An exception to the general rule occurs and applies when, through entrapment, hostility or surprise, a party who offers a witness is misled and prejudiced by his testimony and, in such instances, such party may impeach his own witness to the extent permitted by the trial court in the proper exercise of its discretion. *State* v. *Blankenship,* 137 W. Va. 1, 69 S. E. 2d 398; 70 C. J. 793; 58 Am. Jur., Witnesses, Sections 798, 799. See also *State* v. *Wolfe,* 109 W. Va. 590, 156 S. E. 56, 74 A. L. R. 1039; *State* v. *Justice,* 107 W. Va. 490, 148 S. E. 843; *State* v. *Swiger,* 105 W. Va. 358, 143 S. E. 85.

The prior written statement of the witness, offered by the defendants and excluded by the circuit court, was

inadmissible under the general rule and was not admissable under any exception to the general rule. The attorneys for the defendants were fully informed, before they offered him as a witness at the instant trial, that his testimony would be inconsistent with certain portions of his prior written statement and, having that information in advance, they knew what to expect when they called him as a witness. In *State v. Blankenship*, 137 W. Va. 1, 69 S. E. 2d 398, the State, being surprised and prejudiced by the unexpected testimony of its witness which differed from his prior statement relied on by the prosecuting attorney, was permitted, under an exception to the general rule, to impeach his testimony by his prior inconsistent statement. In the case at bar, however, the element of surprise was entirely lacking. For this reason this case is distinguishable from the *Blankenship* case and the circuit court did not commit error in refusing to permit the defendants to impeach their witness by introducing the written statement in evidence or by interrogating him with respect to some of its contents.

The judgment is reversed, the verdict is set aside, and this case is remanded for a new trial which is hereby awarded the defendants.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*