PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2007 Subaru Legacy GT Limited struck an unevenly milled portion of the road on US Route 250 near Whitehall, Marion county. Route 250 is a public road maintained by *212 Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:48 p.m. on June 11, 2010. At the location of the incident, Route 250 is a two-lane paved road with one lane of traffic in each direction and a speed limit of 45 miles per hour. At the time of the incident, Claimant, Dean A. Greer, was driving south on Route 250 at approximately 30 miles per hour towards his home Fairmont. Mr. Greer testified that the lane he was driving in had recently been milled, but that it appeared to be completely refilled with asphalt; however, the pavement came to an abrupt end and the road remained milled and unfinished for approximately 100 meters. According to Claimant, there were no signs or cones to warn the traveling public of the unfinished surface. Claimant stated that he attempted to avoid the roughly milled pavement by maneuvering his vehicle into the opposing lane, but when he encountered oncoming traffic he was forced back into his lane, where his vehicle struck a four to five inch abrupt incline between where the asphalt was milled and where the milling ended.
As a result of this incident, Claimant’s vehicle sustained damage to the front passenger side rim and tire pressure sensor requiring their replacement and a wheel alignment in the amount of $383.61. However, because the particular rims on Claimant’s vehicle had been discontinued he seeks compensation for the replacement of all four rims, which, in addition to the other damages, totaled $820.60. Claimant acknowledged that replacement of all four rims was a stylistic choice and not functionally necessary. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, Claimant’s recovery is limited to that amount.
It is Claimant’s position that Respondent knew or should have known about the unfinished and unmarked lane on Route 250 which created a hazardous condition to the traveling public, and that Respondent was negligent in failing to properly maintain the road or provide proper warning to the traveling public of the hazardous condition prior to the incident.
The position of the Respondent is that it provided proper warning to the traveling public of the unfinished road work on Route 250 at the time of the incident. Michael Roncone, Administrator for Respondent in Marion county, testified that he is familiar with Route 250 and the milling project at issue in this case. Mr. Roncone stated that it is Respondent’s custom and habit to erect signs warning the traveling public of road work prior to a work area, and that those signs are customarily left up whenever a work area is left open and there is a drop in the pavement of one and a half inches or more. Mr. Roncone testified that he had no personal knowledge as to whether warning signs were present at the location and on the date of the incident in this case.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986). To be actionable, Respondent’s negligence must be the proximate cause of the injuries of which the Claimant complains. Roush v. Johnson, 139 W.Va. 607; 80 S.E.2d 857 (1954). Proximate cause requires: 1) the doing of an act or the failure to do an act that a person of ordinary prudence could foresee may naturally or probably produce injury to or the death of another; and 2) *213 that such act or omission did. in fact produce the injury or death. Matthews v. Cumberland & Allegheny Gas Co., 138 W.Va. 639; 77 S.E.2d 180 (1953). “[Wjhen the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor.” Hartley v. Crede, 140 W.Va. 133, 146; 82 S.E.2d 672, 680 (1954).
In the instant case, the Court is of the opinion that Respondent had actual knowledge of the road work on Route 250 and that it failed to provide adequate notice of the roughly milled portion of the road. Since an unmarked steep incline between the unfinished and finished travel portion of the road created a hazard to the traveling public, the Court finds Respondent negligent. However, the Court is of the opinion that Claimant may only recover those damages actually caused by the hazardous condition. Since Respondent could not reasonably foresee that the rims on Claimant’s vehicle would be discontinued, Claimant may only recover the cost of replacing the one broken rim, and not all four.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $383.61.
Award of $383.61.